UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT ALFANO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV-08-252-B-W |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Based on a stipulation of the parties, the Court grants the Petitioner's writ of habeas corpus and orders that *United States v. Alfano* be scheduled for resentencing.

**I.    STATEMENT OF FACTS**

On December 12, 2008, the Court issued an Order, affirming in part and rejecting in part the Report and Recommended Decision of the Magistrate Judge. *Order on Recommended Decision* (Docket # 14).[1] The Court granted Robert Alfano's motion for appointment of counsel and ordered a hearing to determine whether defense counsel's conduct in failing to object to the application of a sentencing enhancement was objectively unreasonable under *Strickland*, and whether a rehearing on sentence is required. *Id.* at 21-22. Following appointment of counsel on December 15, 2008, the parties filed a Stipulation of Facts on January 13, 2009. *Stipulation of Facts* (Docket # 24). The Stipulation provides:

1. Attorney Wayne Foote represented Mr. Robert Alfano during his March 27, 2007 sentencing hearing.

---

[1] On January 15, 2009, the Court issued an Amended Order on Recommended Decision to correct a clerical error in the original Order. *See Am. Order on Recommended Decision* at 1 n.1 (Docket # 25).

2. When the Court sentenced Mr. Alfano, it applied the enhancement set forth in U.S.S.G. § 2B1.1(b)(10)(C)(i) ("the enhancement"), as recommended by the Department of Probation in the Presentence Report.

3. Mr. Foote did not object to the application of the enhancement.

4. In decisions issued since Mr. Alfano's sentencing, the U.S. Court of Appeals for the First Circuit and the U.S. District Court for the District of Maine have determined that the enhancement did not apply on the facts of Mr. Alfano's case and should not have been imposed.

5. After Defendant waived his attorney-client privilege, the parties contacted Mr. Foote about his decision not to object to the enhancement. If called to testify, Mr. Foote would state that he was aware of the enhancement and failed to object because of an oversight, not because of a strategic decision.

6. Had Mr. Alfano been sentenced without the enhancement, his total offense level would have been 7 and his adjusted offense level would have been 5, resulting in a guideline range of 9 to 15 months.

7. Mr. Alfano's 2255 petition should be granted and he should be resentenced to a term of imprisonment within the guideline range set forth in Paragraph 6.

8. Although Mr. Alfano was sentenced on this case on March 27, 2007, he was in state custody when the federal sentence was imposed and did not begin serving his federal sentence until April 16, 2008, and therefore, as of the date of this stipulation, has served fewer than nine months of his federal sentence.

The Court accepts each of the parties' stipulations, except stipulation number 7. The Court, not the parties, retains the obligation to impose sentence and to determine whether Mr.

Alfano's sentence should be within the guideline range or whether he should be sentenced outside that range in accordance with 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Jimenez-Beltre*, 440 F.3d 514 (1st Cir. 2006). The Court will apply the recalculated guideline range without assessing the five-level § 2B1.1(b)(10)(C)(i) enhancement. At sentencing, the Court will consider the resulting guideline range in its sentencing determination in accordance with Supreme Court and First Circuit precedent. *Gall v. United States*, 128 S. Ct. 586 (2007); *Kimbrough v. United States*, 128 S. Ct. 558 (2007); *Booker*, 543 U.S. 220; *Jimenez-Beltre*, 440 F.3d 514.

## II.   CONCLUSION

The Court GRANTS the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docket # 1) and ORDERS that *United States v. Alfano*, CR-05-91-B-W, be scheduled for resentencing at the earliest convenience of the parties. The Court ORDERS that Robert Alfano shall remain in custody pending imposition of sentence.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2009